UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ALAN BAKKO,

        Plaintiff,

v.                                                    Case No: 6:22-cv-264-EJK

COMMISSIONER OF SOCIAL
SECURITY,

        Defendant.

## ORDER[1]

This cause comes before the Court on Plaintiff's appeal of an administrative decision denying his application for Disability Insurance Benefits ("DIBs"). (Doc. 17 at 2.) In a decision dated June 22, 2021, the Administrative Law Judge ("ALJ") found that Plaintiff was not disabled. (Tr. 27.) Plaintiff has exhausted his available administrative remedies and the case is properly before the Court. The undersigned has reviewed the record, Plaintiff's and the Commissioner's memoranda (Docs. 17, 18), and the applicable law. For the reasons stated herein, the Court affirms the Commissioner's decision.

---

[1] On April 25, 2022, both parties consented to the exercise of jurisdiction by a magistrate judge in this case. (Doc. 12.) Accordingly, this case was referred to the undersigned by an Order of Reference on April 26, 2022. (Doc. 15.)

I. **ISSUE ON APPEAL**

Plaintiff's sole argument on appeal is whether new evidence following the ALJ's decision warrants remand under sentence six of 42 U.S.C. §405(g). (Doc. 17.)

II. **STANDARD OF REVIEW**

The Eleventh Circuit has stated:

> In Social Security appeals, we must determine whether the Commissioner's decision is supported by substantial evidence and based on proper legal standards. Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. We may not decide the facts anew, reweigh the evidence, or substitute our judgment for that of the [Commissioner].

*Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citations and quotations omitted). "With respect to the Commissioner's legal conclusions, however, our review is de novo." *Lewis v. Barnhart*, 285 F.3d 1329, 1330 (11th Cir. 2002).

III. **ANALYSIS**

Following the ALJ's decision on June 22, 2021, finding Plaintiff not disabled, Plaintiff was admitted to Osceola Regional Medical Center ("Osceola Regional"), where it was discovered that "he had a heterogenous mass within the left middle cranial fossa with a hemorrhagic component." (Docs. 17 at 8; 17-2.) Plaintiff argues that the ALJ's decision should be subject to remand pursuant to the sixth sentence of 42 U.S.C. § 405(g), as his medical records from Osceola Regional are new and material evidence that would alter the ALJ's decision. (Doc. 17 at 6.)

A district court may "remand an application for benefits to the Commissioner for consideration of new evidence that previously was unavailable" under sentence six of 42 U.S.C. §405(g). *Enix v. Comm'r of Soc. Sec.*, 461 F. App'x 861, 863 (11th Cir. 2012). To remand under sentence six, the claimant must demonstrate that: (1) there is new, non-cumulative evidence; (2) the evidence is material in that the new evidence could change the administrative results; and (3) there is good cause for the movant's failure to submit the evidence into the record at an administrative level. *See Cannon v. Bowen*, 858 F.2d 1541, 1547 (11th Cir. 1988).

A remand under sentence six is appropriate only when the new evidence is related "to the time period on or before the date of the ALJ's decision." *Archer v. Comm'r of Soc. Sec.*, 176 F. App'x. 80, 82 (11th Cir. 2006). Here, the relevant period was February 10, 2019, the date of disability (Doc. 17 at 3), through June 22, 2021, the date of the ALJ's decision. (Tr. 24.) Plaintiff submitted evidence from Osceola Regional showing dates of service for September 2021. (Doc. 17-1.) The new evidence in this case satisfies all three requirements for a sentence six remand.

The issue in a disability case is whether a claimant was "entitled to benefits during a specific period of time, which was necessarily prior to the date of the ALJ's decision." *Wilson v. Apfel*, 179 F.3d 1276, 1279 (11th Cir. 1999); *see also Gordon v. Soc. Sec. Comm'r*, 625 F. App'x 512, 514 (11th Cir. 2015) ("Evidence is irrelevant and immaterial when it relates to a time period after the eligibility determination at issue."). Plaintiff's medical records from Osceola Regional indicate that he experienced near syncopal episodes for six to eight months prior to his September 2021 visit, which

- 3 -

would have included time during the relevant period ending June 22, 2021. (Doc. 17-1 at 11.)

Additionally, the new evidence is directly related to Plaintiff's alleged disability at the time of the ALJ's decision, as Plaintiff's medical records indicate that the visit to Osceola Regional was prompted by symptoms that existed prior to the ALJ's decision, ultimately leading to the discovery of Plaintiff's tumor. (Doc. 17 at 8.) The Osceola Regional medical records provide additional insight into Plaintiff's condition and may lead the Commissioner to conclude that Plaintiff's symptoms were more severe than previously believed.

Finally, there is good cause for failing to present the evidence because it did not exist at the time of the administrative hearing. *See Cherry v. Heckler*, 760 F.2d 1186, 1192 (11th Cir. 1985).

## IV.   CONCLUSION

Upon consideration of the foregoing, it is **ORDERED** that:

1. The Commissioner's final decision in this case is **REVERSED AND REMANDED** for further proceedings consistent with this Order, pursuant to sentence six of 42 U.S.C. § 405(g).

2. The Clerk of Court is **DIRECTED** to enter judgment in favor of Plaintiff and **CLOSE** the file.

**DONE** and **ORDERED** in Orlando, Florida on March 10, 2023.

_____
EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE