UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ALAN BAKKO,**

      **Plaintiff,**

v.                                                                                                 Case No: 6:22-cv-264-EJK

**COMMISSIONER OF SOCIAL SECURITY,**

      **Defendant.**

## ORDER

This cause comes before the Court on Plaintiff's Unopposed Petition for Attorney's Fees (the "Motion") (Doc. 29), filed September 30, 2024. In the Motion, Plaintiff seeks an award of attorney's fees amounting to $2,835.06, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), and costs of $400. Upon consideration, the Motion is due to be granted in part, as set forth below.

### I.  BACKGROUND

Plaintiff instituted this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security ("the Commissioner"), who denied Plaintiff Social Security benefits. (Doc. 1.) After reviewing the parties' respective memoranda, the Court reversed and remanded the Commissioner's decision pursuant to sentence six of 42 U.S.C. § 405(g). (Doc. 21.) On remand, The Administrative Law Judge ("ALJ") issued a partially favorable decision finding the Plaintiff disabled. (Doc. 25-1.) Plaintiff subsequently filed an Unopposed

Motion to Reopen and Affirm Commissioner's Decision (Doc. 25), which the Court granted. (Doc. 26.) The Clerk then entered judgment in favor of Plaintiff on August 8, 2024. (Doc. 27.) The Plaintiff filed the present Motion, requesting $2,835.06, in attorney fees. (Doc. 29.) The Motion includes an itemized breakdown of Plaintiff's attorney's billable hours to support the application. (Doc. 29-1.) Plaintiff also requests that the EAJA fees be made payable to his counsel, so long as the United States Department of Treasury determines that Plaintiff does not owe a federal debt. (Doc. 29 at 6.)

## II. DISCUSSION

### A. Eligibility for an Award of Fees

In ruling on a request for fees pursuant to the EAJA, a court must determine whether: (1) the requesting party is eligible for fees; and (2) the amount of requested fees is reasonable. *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160–61 (1990). A claimant is eligible for an attorney's fee award where: (1) the claimant is the prevailing party in a non-tort suit involving the United States; (2) the government's position was not substantially justified; (3) the claimant filed a timely application for attorney's fees; (4) the claimant had a net worth of less than $2 million when the complaint was filed; and (5) there are no special circumstances that would make the award of fees unjust. 28 U.S.C. § 2412(d). The fee award must also be reasonable. *Schoenfeld v. Berryhill*, No. 8:17-cv-407-T-AAS, 2018 WL 5634000, at *1 (M.D. Fla. Oct. 31, 2018) (citing 28 U.S.C. § 2412(d)(2)(A)).

If there is a "sentence six"[1] remand, a social security plaintiff is deemed the prevailing party if the plaintiff at least partially succeeds on remand. *Jackson v. Chater*, 99 F.3d 1086, 1097 (11th Cir. 1996). If a social security plaintiff partially succeeds on a sentence six remand, the district court must enter judgment in plaintiff's favor. *Id*. Once the district court enters judgment in the social security plaintiff's favor on a sentence six remand, plaintiff may file his EAJA application. *Id*. "[U]nlike a sentence-four remand, a sentence six remand is not a final judgment under the EAJA, and the window for filing an EAJA fee application does not open until judgment is entered in the district court following completion of the remand proceedings." *Id*. at 1095 (citing *Melkonyan v. Sullivan*, 501 U.S. 89, 101–02 (1991)). A social security plaintiff "may file is EAJA application for attorney's fees within the prescribed time period after his case is reopened and judgment is entered in his favor." *Id*. at 1097.

The application for attorney's fees is timely if it is made within thirty days of the final judgment in the action; however, premature requests are also deemed timely. 28 U.S.C. § 2412(d)(1)(B); *Myers v. Sullivan*, 916 F.2d 659, 679 n.20 (11th Cir. 1990). The deadline begins to "run[] from the end of the period for appeal," which is sixty days for the Commissioner. *Shalala v. Schaefer*, 509 U.S. 292, 303 (1993); Fed.

---

[1] A "sentence-six" remand refers to the sixth sentence of 42 U.S.C. § 405(g). Sentence six states that once good cause is shown the Court "may at any time order additional evidence to be taken before the Commissioner of Social Security" and may "remand the case to the Commissioner for further action by the Commissioner of Social Security."

R. App. P. 4(a)(1)(B)(iii) (stating that in a civil case where one of the parties is a United States officer or employee sued in an official capacity, any party may file a notice of appeal within 60 days after entry of the judgment). The request must contain an allegation that the Commissioner's position was not substantially justified. *Jean*, 496 U.S. at 160.

As with any petition for fees, the Court must always apply its own expertise and judgment, regardless of whether the requested fee amount is contested. *Winkler v. Cach, LLC*, No. 8:11-cv-2358-T-24AEP, 2012 WL 2568135, at *1 (M.D. Fla. July 2, 2012). An EAJA award is to the party and therefore subject to an offset to satisfy any preexisting debt that the party owes to the United States. *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).

Plaintiff has satisfied the five requirements that determine a claimant's eligibility for attorney fees pursuant to the EAJA. Plaintiff is deemed to have prevailed since the ALJ issued a partially favorable decision on remand and this Court subsequently entered judgment in Plaintiff's favor. (Docs. 25-1; 27.) The request for fees was timely since it was filed within ninety days of the Clerk's entry of judgment. (Docs. 27, 29.) In addition, Plaintiff avers that his net worth was less than two million dollars at the filing of the Complaint and that the Commissioner's position was not substantially justified. (Doc. 29 at 2.) Further, the Court is not aware of any special circumstances that would make an award of fees unjust. Since Plaintiff is eligible for an award of fees, the remaining issue is whether the requested amount of fees is reasonable.

### B. Reasonableness of the Fee

EAJA fees are determined by using the "lodestar" method—the number of hours reasonably expended multiplied by a reasonable hourly rate. *Jean v. Nelson*, 863 F.2d 759, 773 (11th Cir. 1988), *aff'd* 496 U.S. 154 (1990). The EAJA requires that the amount of attorney's fees be "reasonable," which is determined by the "prevailing market rates for the kind and quality of the services furnished." 28 U.S.C. § 2412(d)(2)(A). However, "attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee." *Id.* The party requesting fees has the burden of demonstrating the reasonableness of the fee and the number of hours expended. *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1299 (11th Cir. 1988); *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The requesting party may also include the number of hours it took to prepare the EAJA request in its request for fees. *Jean*, 863 F.2d at 779–80.

Courts use a two-step analysis when determining the appropriate hourly rate under the EAJA. *Meyer v. Sullivan*, 958 F. 2d 1029, 1034 (11th Cir. 1992). First, a court determines the market rate for similar services provided by lawyers of "comparable skill, experience, and reputation" in the area. *Id.* Second, the court evaluates the cost-of-living increase, specifically at the time the work was performed and not at the time when the motion was filed. *Id.*; *see also Bey v. Comm'r of Soc. Sec.*, No. 3:18-CV-319-J-PDB, 2019 WL 4221716, at *2 (M.D. Fla. Sept. 5, 2019) (citing *Masonry Masters, Inc.*

*v. Nelson*, 105 F.3d 708, 711–12 (D.C. Cir. 1997)). The court is considered an "expert" on reasonable rates and may use its independent judgment in evaluating whether the hourly rate is reasonable. *Norman*, 836 F.2d at 1304 (citing *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)); *see also Kirkendall v. Comm'r of Soc. Sec.*, No. 3:17-CV-880-J-PDB, 2019 WL 913282, at *2 (M.D. Fla. Feb. 25, 2019). Courts in this District routinely calculate cost of living adjustments under the EAJA using the United States Department of Labor's Consumer Price Index ("CPI"). *See Wilborn v. Comm'r of Soc. Sec.*, No. 8:11-cv-2249-T-30MAP, 2013 WL 1760259, *1 (M.D. Fla. Apr. 24, 2013); *Rodgers v. Astrue*, 657 F. Supp. 2d 1275, 1277 (M.D. Fla. July 22, 2009).

Plaintiff's attorney expended 10.5 hours in this case from 2022 to 2023. (Doc. 29-1.) After reviewing a description of the activities performed in relation to this matter, the Court determines that the time spent is reasonable. (*Id.* at 1, 2.) The majority of time was spent preparing Plaintiff's memorandum in opposition. (*Id.*) None of the other activities listed appear to be clerical, secretarial, or excludable as unnecessary.

As to the hourly rate, Plaintiff is requesting an award of $234.95 per hour for 2022 and $242.78 per hour for 2023, using the CPI for the Southern region of the United States. (Doc. 29 at 3.) Based on the billing sheet provided by Plaintiff's attorneys, they performed 10.0 hours of work in 2022 and 0.5 hours of work in 2023 (Doc. 29-1.) Drawing on the Court's knowledge, the market rate for similar services provided by lawyers of comparable skill, experience, and reputation in the Orlando area exceeds the statutory rate of $125 per hour. Further, an increase in the cost of

living from 1996, when the statutory rate was established, to when Plaintiff's counsel performed work on this case justifies an upward adjustment from $125. According to the United States Department of Labor, the 1996 average CPI for all urban consumers in the Southern region was 153.6, in 2022 it was 283.666, and in 2023 it was 296.422. Accordingly, the adjusted hourly rates should be $230.85 for 2022 and $241.23 for 2023. Based on these figures, Plaintiff is awarded **$2,429.10**.[2]

      **DONE** and **ORDERED** in Orlando, Florida on October 18, 2024.

*[signature]*

EMBRY J. KIDD
UNITED STATES MAGISTRATE JUDGE

---

[2] This amount differs from the amount requested by Plaintiff by $405.96, due to utilizing accurate CPI figures for the Southern region of the United States.